IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM E. MCAFEE JR., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:24-CV-1811-D |
| VS. § | |
| § | |
| LEAR CORPORATION, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this employment discrimination action, defendant Lear Corporation ("Lear") moves to dismiss under Fed. R. Civ. P. 12(b)(5) and 4(m) for failure to effect timely service of process. For the following reasons, the court in its discretion extends plaintiff's deadline for serving Lear, and, accordingly, denies the motion.

I

On July 15, 2024 plaintiff William E. McAfee Jr. ("McAfee") filed this lawsuit alleging claims against Lear under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. On October 15, 2024 the court entered an order directing McAfee to demonstrate good cause, in accordance with Rules 4(m) and 6(b), for failing to effect service on Lear. McAfee responded on October 29, 2024, informing the court that Lear had been served on October 16, 2024, and requesting that the court grant a 1-day extension of time for service based on McAfee's counsel's being on bed rest due to a

medical condition and high-risk pregnancy.[1]  Lear replied to McAfee's response the following day and also moved to dismiss the complaint under Rules 12(b)(5) and 4(m) on the ground that McAfee had not shown the requisite good cause for extending the time limit for service.  McAfee opposes the motion, which the court is now deciding on the briefs, without oral argument.

II

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure." *Neely v. Khurana*, 2008 WL 938904, at *2 (N.D. Tex. Mar. 12, 2008) (Ramirez, J.), *rec. adopted*, 2008 WL 938904, at *1 (N.D. Tex. Apr. 7, 2008) (Fitzwater, C.J.).  Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff." *Crowell v. Looper L. Enf't, LLC*, 2011 WL 830543, at *5 (N.D. Tex. Mar. 10, 2011) (Fitzwater, C.J.) (quoting *Neely*, 2008 WL 938904, at *2).  When such a motion is filed, "[t]he serving party bears the burden of proving the validity of service or good cause for failure to timely serve." *Byers v. Navarro Cnty.*, 2011 WL 4471024, at *1 (N.D. Tex. Sept. 27, 2011) (Fitzwater, C.J.) (citing *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 569 (5th Cir. 2007) (per curiam); *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

Rule 4 authorizes several methods for serving a summons.  Regarding the time limit

---

[1]Ordinarily, the court would, if possible, avoid disclosing personal medical information about an attorney in a case.  Here, however, this information is contained in a public filing made by McAfee.

for service, Rule 4(m) provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this circuit, under Rule 4(m), if the plaintiff shows good cause for the failure to timely serve the defendant, the court *must* extend the time for service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (explaining that second sentence of Rule 4(m) "qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause."). But if the plaintiff does not show good cause, then "the court has two choices: '[i]t may dismiss the action without prejudice . . . *or* direct that service be effected within a specified time." *Kumar v. Kerry*, 2014 WL 4798439, at *2 (N.D. Tex. Sept. 26, 2014) (Boyle, J.) (ellipsis in original) (quoting *Thompson*, 91 F.3d at 21).

"To establish good cause, a plaintiff has the burden of demonstrating 'at least as much as would be required to show excusable neglect . . . . Simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008) (per curiam) (emphasis and brackets omitted) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1996)). In addition to good cause, "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.* (internal quotation marks, emphasis, and citations omitted).

III

McAfee maintains that there is good cause to extend the deadline for service under Rule 4(m). He contends that his failure to timely serve Lear was due to the fact that his counsel was unable to seek service until October 16, 2024 "as the result of . . . being on bedrest due to a medical condition and high-risk pregnancy." P. Resp. (ECF No. 8) at 1. In response to Lear's motion to dismiss, McAfee provides additional details in support of his "good cause" argument, explaining that his counsel was hospitalized October 8 and 9, 2024 and then placed on bed rest. He posits that this "is what prevented [him] from serving [Lear] within 90 days of filing Plaintiff's Original Complaint." P. Br. (ECF No. 12) at 2.[2]

Lear responds that McAfee has failed to show good cause for his 3-day[3] delay in service because

> Plaintiff only explains his apparent failure to serve Defendant during this two day period[, i.e., October 8-9, 2024], and does not provide further factual allegations for the remainder of the 90 day period in which Plaintiff was required to serve Defendant. Plaintiff provides no factual allegations on why Plaintiff did not serve Defendant in the 84 days prior to October 8, 2024, or why Plaintiff did not request additional time for service.

D. Reply (ECF No. 13) at 2.

Lear's contention that McAfee has not met his burden to show good cause for failing to serve Lear or move for an extension of time to do so within the 90 days following July 15,

---

[2]*See supra* note 1.

[3]90 days from the date the complaint was filed was October 13, 2024.

- 4 -

2024 has some force. Even so, the law in this circuit is that "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service *even when a plaintiff fails to show good cause*." *Thompson*, 91 F.3d at 21 (emphasis added). Here, McAfee served Lear within one day after the court issued its October 15, 2024 show cause order, and, as McAfee points out in his October 29, 2024 response, "[a] delay of 1 day is not so great as to justify dismissal without prejudice, especially when dismissal in this case will result in statute of limitations issues." P. Resp. (ECF No. 8) at 3. In fact, if dismissal under Rule 4(m) would in effect amount to dismissal *with prejudice* due to the running of the statute of limitations, dismissal under Rule 4(m) "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher v. City of Amarillo*, 709 F.3d 509 512-13 (5th Cir. 2013) (internal quotation marks omitted) (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)).

Accordingly, the court in its discretion extends the deadline for McAfee to serve Lear until October 16, 2024. Because McAfee timely served Lear during this extended period and Lear offers no other arguments to support its motion to dismiss under Rules 12(b)(5) and 4(m), the court denies Lear's motion to dismiss.

\*   \*   \*

For the reasons explained, the court denies Lear's motion to dismiss pursuant to Rules 12(b)(5) and 4(m).

**SO ORDERED**.

December 6, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE